PER CURIAM:
Claimant, Donnie Ringer, seeks an award from the Board of Trustees of the University of West Virginia for property loss sustained by a breaking and entering which took place on March 16, 1992, at 69 Dadisman Hall, West Virginia University, a facility of the respondent located in the city of Morgantown.
*219 From the evidence adduced at the hearing on October 15, 1992, it appears that claimant had left his dormitory for spring break when his room was vandalized and personal property was stolen. The stolen property was worth $2,120.14.
The claimant testified that he left for spring break and that the dormitories were supposed to have been shut down during that time; however, somebody forcibly broke into his room and stole his stereo equipment and compact disks.
The claimant’s mother, Elaine C. Ringer, testified on behalf of the claimant that the breaking and entering had been reported to her by the security at the school. She stated that she did recover a portion of the loss for the stolen goods-under her homeowners insurance policy.
For the respondent, Darryl Lewis, area manager of Dadisman Hall, testified that the breaking and entering was discovered by a custodian, but that he inspected the premises of Dadisman Hall to determine how the entry was made into the hall itself. He found no forced entry. He stated that every window and door was unlocked and that there were bars placed on the doors. He also recognized a section of a handout called “Terms, Conditions, and Regulations” which is made part of the contract for the university housing, which states that the university is not responsible for the loss of property by students.
The Court takes notice of page 10 of Residential Living which is part of the contract between the resident student and West Virginia University Department of Housing and Residence Life, which reads:
West Virginia University does not assume, responsibility for personal accident, injury, or illness sustained by residents, guests, or visitors; nor for damage, theft, or loss of personal property...
The Court finds, as a matter of fact, that respondent took the necessary precautions against the breaking and entering; that respondent is not responsible for the loss of the personal property of the claimant under the above-mentioned contract section; and that the claim shall be denied due to lack of proof of negligence on the part of the respondent by a preponderance of the evidence.
Claim disallowed.